No. 04-343

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 79N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

RYAN SCOTT JAMES PRICE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DC 2000-465,
The Honorable Edward P. McLean, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

           Ryan Scott James Price (pro se), Shelby, Montana

        For Respondent:

           Hon. Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

           Fred Van Valkenburg, Missoula County Attorney; Kirsten LaCroix, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  October 26, 2004

Decided:  March 29, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    On February 11, 2003, we entered an order amending Section 1.3 of our 1996 Internal Operating Rules. The amended Section 1.3(d) provides in relevant part:

> (i) After all briefs have been filed in any appeal, the Supreme Court by unanimous action may, sua sponte, enter an order or memorandum opinion affirming the judgment or order of the trial court for the reason that it is manifest on the face of the briefs and the record that the appeal is without merit because:
> (1) the issues are clearly controlled by settled Montana law or federal law binding upon the states;
> (2) the issues are factual and there clearly is sufficient evidence to support the jury verdict or findings of fact below; or
> (3) the issues are ones of judicial discretion and there clearly was not an abuse of discretion.

We conclude that this is an appropriate case to decide pursuant to our February 11, 2003, order.

¶3    For purposes of this memorandum opinion, we include a brief recitation of the facts. A more complete statement of the facts is contained in *State v. Price,* 2002 MT 229, 311 Mont. 439, 57 P.3d 42. In 2001 Price pled guilty to custodial interference reserving his right to appeal the denial of his pre-trial motions. Pursuant to the plea agreement, the District Court imposed a deferred sentence of three years. Price appealed arguing that § 45-5-304, MCA, is unconstitutional and that the District Court had erred in denying his motion to

2

dismiss for lack of venue. This Court affirmed the judgment. *See Price,* 2002 MT 229, 311 Mont. 439, 57 P.3d 42. In 2002, during the time his appeal was pending, Price violated his probation and his deferred sentence was revoked. Price then moved the District Court to withdraw his guilty plea. The District Court denied Price's motion and it is from this denial that he now appeals.

¶4 On appeal Mr. Price alleges several errors, including errors he had previously raised before this Court. We decline to discuss issues addressed by this Court in its previous opinion, *State v. Price,* 2002 MT 229, 311 Mont. 439, 57 P.3d 42.

¶5 In this appeal Price argues the District Court erred in denying his motion to withdraw his guilty plea and that his counsel was ineffective.

¶6 We review Price's motion to withdraw his guilty plea to determine if it was voluntary. *See State v. Lone Elk,* 2005 MT 56, ¶ 14, 326 Mont. 214, ¶ 14, ___ P.3d ___, ¶ 14. We review a district court's determination of voluntariness in plea agreements *de novo*. *Lone Elk,* ¶ 10.

¶7 Ineffective assistance of counsel claims are mixed questions of fact and law and are subject to this Court's *de novo* review. *State v. Herrman,* 2003 MT 149, ¶ 18, 316 Mont. 198, ¶ 18, 70 P.3d 738, ¶ 18.

¶8 Price, relying on *State v. Lance* (1982)*,* 201 Mont. 30, 651 P.2d 1003, argues that because the District Court did not advise him of the statutory defense of voluntary return of the child in § 45-5-304, MCA, his guilty plea was not a voluntary and intelligent choice among the alternative courses of action. However, Price's claimed lack of knowledge of this statutory defense is puzzling in that his attorney had previously filed a motion to dismiss on

his behalf asserting this same defense and Price was present before the District Court when this motion was heard. Further, the record reflects that Price was arrested while in possession of the child and law enforcement returned the child to the custodial parent. Under these circumstances we cannot disagree with the District Court' conclusion that Price's guilty plea was voluntarily entered.

¶9 We review an ineffective assistance of counsel claim under the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *Dawson v. State,* 2000 MT 219, ¶ 20, 301 Mont. 135, ¶ 20, 10 P.3d 49, ¶ 20. Under the *Strickland* standard, a defendant must show that counsel's performance was deficient and that this performance prejudiced the defense and denied the defendant a fair trial such that the result of the proceeding would have been different. *State v. Daniels,* 2003 MT 247, ¶ 21, 317 Mont. 331, ¶ 21, 77 P.3d 224, ¶ 21; *Dawson,* ¶ 20.

¶10 To show prejudice here, Price must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See State v. Thee,* 2001 MT 294, ¶ 9, 307 Mont. 450, ¶ 9, 37 P.3d 741, ¶ 9; *see also State v. Cady,* 2000 MT 353, ¶ 10, 303 Mont. 258, ¶ 10, 15 P.3d 479, ¶ 10. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Thee,* ¶ 9. Price pled guilty to custodial interference and the sentence was deferred. Price did not allege his counsel was ineffective until his subsequent actions resulted in a revocation of the deferred sentence. We have carefully reviewed the record and the law. We conclude Price has not established that his counsel was ineffective.

¶11 The judgment of the District Court is affirmed.

4

/S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER